UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CARLOS MONTOYA,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN KIM JONES,<br><br>    Respondent. | Case No. 3:07-00379-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This habeas corpus case has been reassigned to the undersigned District Judge because not all parties consented to a United States Magistrate Judge exercising jurisdiction under 28 U.S.C. § 636(c). (Dkt. 20.)

Currently pending before the Court is Respondent's Motion for Partial Summary Dismissal. (Dkt. 17.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d). For the reasons that follow, the Court will grant Respondent's Motion, and Claims 1 through 4 in the Petition will be dismissed.

## BACKGROUND

After a jury trial in state court, Petitioner was convicted of three counts of lewd conduct with a child under sixteen, and he was sentenced to three concurrent terms of life

in prison without the possibility of parole. (State's Lodging A-1, pp. 48-64.) His convictions and sentences were affirmed by the Idaho Court of Appeals on direct appeal, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-6, B-7.)

Petitioner next submitted an application for post-conviction relief. (State's Lodging C-1, pp. 1-8.) The state district court denied the application, and Petitioner's appeal from that decision was still pending when he filed his Petition for Writ of Habeas Corpus in federal court. (Dkt. 5.) Magistrate Judge Larry M. Boyle conducted an initial review of the Petition and stayed the federal case until the state court appeal was completed. (Dkt. 8.) On August 25, 2009, the case was reopened. (Dkt. 12.)

In his Petition, Petitioner claims that (1) the prosecutor committed prejudicial misconduct, and the trial court failed to correct the misconduct, depriving Petitioner of his right to a fair trial; (2) Petitioner's life sentences violate the prohibition against cruel and unusual punishment in the Eighth Amendment; (3) Petitioner's Sixth Amendment right to a speedy trial was violated; (4) Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel; and (5) a fatal variance between the charging document and the jury instructions violated Petitioner's rights under the Sixth and Fourteenth Amendments. (Dkt. 5, pp. 2-5.)

Respondent has filed a Motion for Partial Summary Dismissal, arguing that Petitioner did not fairly present Claims 1 through 4 to the Idaho Supreme Court and that those claims must be dismissed as procedurally defaulted. (Dkt. 17.) Petitioner has submitted a Reply/Obj[ection] to Respondent's Brief (Dkt. 19), and the Court is now

**MEMORANDUM DECISION AND ORDER - 2**

prepared to issue its ruling.

## STANDARD OF LAW

### 1. Fair Presentation

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim, and general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient). The petitioner must ordinarily cite the federal constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that clearly analyze the federal claim. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003). Additionally, if the petitioner fundamentally alters the claim by pleading new material facts in federal court, the requirement of fair presentation has not been satisfied. *Kelly v. Small*, 315 F.3d 1063, 1069 (9th Cir. 2003); *Belmontes v. Brown*, 414

F.3d 1094, 1117-18 (9th Cir. 2005) (citations omitted).

## 2. Procedural Default

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also defaulted when the petitioner actually raised the constitutional claim in state court, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

## DISCUSSION

During his direct appeal, Petitioner raised seven issues, but none of those issues included the constitutional claims that he has raised here as Claims 1(prosecutorial misconduct and trial court's failure to correct misconduct), 2(cruel and unusual punishment), 3(speedy trial violation), and 4(ineffective assistance of counsel). While Petitioner argued that the trial court had abused its discretion in allowing the prosecutor to cross-examine him about certain matters, he neither framed that issue as a prosecutorial misconduct claim nor cited any provisions of the United States Constitution. (State's

**MEMORANDUM DECISION AND ORDER - 4**

Lodging B-3, pp. 23-30.) And though Petitioner also argued that his sentences were excessive, he relied solely on state law rather than the Eighth Amendment. (State's Lodging B-3, pp. 31-35.)

In the post-conviction matter, Petitioner presented claims of prosecutorial misconduct and ineffective assistance of counsel. (State's Lodging C-1, p. 50.) On appeal, however, he pressed only two procedural issues: (1) whether the court erred in dismissing the application without giving him 20 days notice of the specific facts supporting dismissal (State's Lodging C-4, pp. 6-8), and (2) whether the court erred in dismissing the claims on other grounds. (State's Lodging C-4, pp.6-10.) The Idaho Court of Appeals agreed that notice was insufficient as a formal matter but nonetheless concluded that Petitioner could show no prejudice because he received actual notice and an opportunity to respond. (State's Lodging C-7, p. 7.) In his Petition for Review, Petitioner contended that the Court of Appeals' ruling was based on a faulty reading of the district court record. (State's Lodging C-9, p. 5.)

The Court therefore finds that Petitioner did not squarely raise the same federal constitutional claims in the Idaho Supreme Court that he puts forward here as Claims 1 through 4. Because no state court avenue in which to raise the claims remains open to Petitioner, these claims are procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

In an effort to excuse the default, Petitioner argues that his appointed attorneys were at fault for not raising the federal claims at the correct time or in the correct manner.

**MEMORANDUM DECISION AND ORDER - 5**

(Dkt. 19.)

A criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Rather, only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state. *Id*. at 488-89. In other words, counsel's failure to preserve another constitutional claim in state court will amount to a valid cause for the default only when counsel's error is, itself, an independent constitutional violation. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Moreover, the ineffective assistance of counsel claim asserted as cause must have itself been properly exhausted and free from procedural default. *Id*. at 453.

Petitioner's argument is not persuasive for two reasons. First, to the extent that he claims that his attorneys were deficient in the post-conviction proceeding, he did not have a federal constitutional right to the effective assistance of counsel during that proceeding and, consequently, he cannot rely upon counsel's alleged deficiencies there as cause. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). But more importantly, Petitioner did not properly exhaust an ineffective assistance of counsel claim in the Idaho Supreme Court based on the failure to raise any of the underlying substantive claims that are defaulted here. *See Edwards*, 529 U.S. at 451.

Petitioner also claims that he is actually innocent of the offenses for which he

**MEMORANDUM DECISION AND ORDER - 6**

stands convicted and that a miscarriage of justice will occur if the Court does not hear the merits of all of his claims. (Dkt. 19-2.) Although a compelling showing of actual innocence can open a gateway for the consideration of otherwise procedurally barred claims, the petitioner bears the burden of coming forward with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). The petitioner then must demonstrate that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' " *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 537-38 (2006).

Here, Petitioner has not come forward with any new evidence of his innocence. Instead, he repeats his denials that any sexual contact occurred and offers reasons why he believes the victim had a motive to fabricate the allegations, which the jury already heard and disbelieved at his criminal trial. Accordingly, he has not shown that it is more likely than not that no reasonable juror would now find him guilty.

Based on the foregoing, the Court will grant Respondent's Motion for Partial Summary Dismissal.

## ORDER

IT IS HEREBY ORDERED:

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 17) is GRANTED. Claims 1 through 4 in the Petition for Writ of Habeas Corpus

are DISMISSED with prejudice as procedurally defaulted.

2.  Within 60 days of the date of this Order, Respondent shall file an answer to the remaining claim or claims in the Petition and, at his option, a motion for summary judgment. Petitioner shall respond to any motion for summary judgment within 30 days of receiving the motion. Respondent's reply, if any, shall be filed within 14 days of receiving a response.



DATED:  **October 12, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge